## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

LULA JONES,

      Plaintiff,

v.                                    Case No. 3:20-cv-488-TJC-PDB

LIFE CARE CENTERS OF AMERICA, INC.,
& DUVAL MEDICAL INVESTORS, LLC,
d/b/a LIFE CARE CENTERS OF JACKSONVILLE,

      Defendants.

_____

## O R D E R

This case puts the Court in a position it never wants to be—determining whether to sanction a party or lawyer.  Because the issues here arose in the context of discovery disputes, the Court referred the matter of sanctions to the assigned Magistrate Judge who found that the further she investigated, the more troubling the situation became.  She has now presented a painstaking and disturbing account of what transpired, resulting in a recommendation that the Court take the most serious of measures to address this conduct—dismissal of this case with prejudice and the issuance of an order to show cause as to why plaintiff's counsel should not be further sanctioned, including the payment of a fine to the Court and the attorney's fees and expenses of defendants, requiring his attendance at continuing legal education classes, and a referral to the

Court's grievance committee.   See Doc. 72.

The Court may accept, reject, or modify a Magistrate Judge's report and recommendation.   28 U.S.C. § 636(b)(1).   The Court undertakes a de novo review of those portions of a report and recommendation to which specific objections are made.   Id.   Although plaintiff has filed objections to the report and recommendation, those objections fail to identify a single factual or legal deficiency in the Magistrate Judge's 87-page report.   See Doc. 75. Nonetheless, given the severity of the recommendation, the Court has undertaken a thorough and independent de novo review of the file and finds the report and recommendation is due to be accepted and adopted in full as the decision of the Court.

Accordingly, it is hereby

**ORDERED**:

1.   The Report and Recommendation of the Magistrate Judge (Doc. 72) is **ACCEPTED** and **ADOPTED** as the opinion of the Court.

2.   Defendants' Second Motion for Sanctions (Doc. 51) is **GRANTED**; defendants' first motion for sanctions (Doc. 29) is **DENIED AS MOOT**.

3.   This action is **DISMISSED WITH PREJUDICE**.

4.   No later than **OCTOBER 25, 2022**, plaintiff's counsel, Eric Jones, Esquire, shall **SHOW CAUSE** in writing as to why he should not be sanctioned for the conduct described in the report and recommendation, including by

ordering him to pay a fine to the Court, ordering him to pay reasonable attorney's fees and expenses to Life Care incurred in bringing the motions for sanctions, ordering him to attend at least twenty-four hours of continuing legal education on ESI, and initiating an investigation by the grievance committee in the Jacksonville Division.[1]

**DONE AND ORDERED** in Jacksonville, Florida this 22nd day of September, 2022.



TIMOTHY J. CORRIGAN
United States District Judge

s.
copies:

Honorable Patricia D. Barksdale
United States Magistrate Judge

counsel of record

---

[1] As noted by the Magistrate Judge, the dismissal of this action does not deprive the Court of jurisdiction to address the sanctions issue with counsel. See Doc. 72 at 86, n.17 (citing authorities).